NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 19, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 15-2850

| | |
|---|---|
| GREGORY D. JONES, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-CV-846-NJR-DGW |
| KIMBERLY BUTLER, et al., *Defendants-Appellees*. | Nancy J. Rosenstengel, *Judge*. |

**O R D E R**

Gregory Jones, an Illinois inmate serving a life sentence, brought this suit under 42 U.S.C. § 1983 after his strategy to obtain reassignment to a favored prison backfired. Jones instead ended up at a facility where, he says, he was at risk of physical injury, prompting this litigation.

Jones had been housed in protective custody at Pontiac Correctional Center until early 2014. But he wanted to return to his previous assignment at Stateville Correctional

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Center because, in his view, the medical care at that prison is better. According to Jones, he was told by administrators at Pontiac that transfers are not given to inmates in protective custody, so, in his words, he "signed himself out" of protective custody and returned to the general population. After that he was reassigned to a different prison, though not Stateville. Jones was sent instead to Menard Correctional Center, where, he alleges, he had earned the ire of guards by testifying against two of them in 2009 during unsuccessful lawsuits. Jones brought this action less than four months after returning to Menard, asking the district court, "1st and foremost," to order that he be transferred permanently out of Menard.

In his original complaint, Jones claimed that Menard's warden along with an unidentified guard and four other Department of Corrections employees were violating the Eighth Amendment by not protecting him from harm. Unnamed gang members and guards were threatening his safety, Jones asserted, and once during a shakedown he was slapped and kicked and called a "snitch" by guards who are not defendants. Jones added that, despite being threatened, he initially had been denied placement in protective custody (since he had voluntarily given up that placement at Pontiac).

At screening, *see* 28 U.S.C. § 1915A, the district court dismissed this original complaint on the ground that Jones did not allege personal involvement by the named defendants. The court also noted that Jones was in protective custody. Jones then amended his complaint, dropping as defendants all but the warden at Menard and two DOC employees—the Transfer Coordinator and another administrator, both at headquarters. The latter defendants, Jones alleged, had been "reminded" before his transfer to Menard that guards at that facility previously had warned him not to return. And the warden at Menard, he added, was not protecting him from threatened retribution by errant guards and other inmates (even inmates in protective custody). This time at screening the district court allowed Jones to proceed against the warden but once more dismissed the complaint as against the other defendants, neither of whom was alleged to have participated in the decision to transfer Jones to Menard. Three days after this order was issued, however, Jones was transferred back to Pontiac (the warden told the court that the timing was coincidental). The district court then granted the warden's motion for judgment on the pleadings, reasoning that Jones's lawsuit had been rendered moot by his transfer.

In this court Jones makes several arguments about the merits of his lawsuit, but we start with the question whether the district court correctly disposed of the entire case on the ground that it had become moot when Jones was transferred back to Pontiac.

Certainly his demand for injunctive relief became moot, since Jones demanded and got a transfer, *see Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), with only his conjecture suggesting the possibility of being returned to Menard in the future, *see Higgason*, 83 F.3d at 811 ("Allegations of a likely retransfer may not be based on mere speculation.").

According to the warden, this should conclude our analysis; although Jones now insists that he is entitled to damages, the warden contends that he waived any right to seek damages by mentioning only injunctive relief in the district court. Yet the authorities cited by the warden stand only for the uncontroversial proposition that a litigant may not amend his complaint on appeal to add a new claim. *See Agnew v. Nat'l Coll. Athletic Ass'n*, 683 F.3d 328, 347–48 (7th Cir. 2012); *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994). The warden's assertion that Jones would have been limited to injunctive relief is incorrect, and the district court should have evaluated whether Jones might be entitled to *other* relief before dismissing the suit solely because of his transfer. A prevailing party should receive any relief to which it is entitled, "even if the party has not demanded that relief in its pleadings," *see* FED. R. CIV. P. 54(c), and "the demand is not itself a part of the plaintiff's claim," *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 (3d ed. 2016). In other words, an incomplete demand for relief does not warrant dismissal of a properly stated claim. *Bontkowski*, 305 F.3d at 762.

We can affirm the dismissal nonetheless because Jones's complaint fails to state a claim against these defendants, no matter the relief requested. Recall that Jones alleged that the warden and other named defendants had failed to protect him from *threats* of violence at the hands of both inmates and vengeful guards. But Jones was moved to protective custody (and, shortly after that, back to Pontiac) without suffering an assault by other inmates. And neither did the guards who, years earlier, had threatened retaliation if Jones returned to Menard ever follow through. Absent cognizable harm, Jones does not have a claim for damages, for "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). Moreover, even if we take a generous view of what Jones now calls his "battery claim"— that, on one occasion, tactical team officers kicked and slapped him—he never tried to bring a claim of excessive force against the perpetrators, and the named defendants cannot be held liable for not protecting him from that incident. Jones's vague statements that he felt unsafe at Menard because *all* of the guards there were out to get him because of a years-old grudge was inadequate to alert the warden or DOC officials that he faced a

credible, excessive risk of serious harm. *See Brown v. Budz,* 398 F.3d 904, 909–12 (7th Cir. 2005); *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008).

AFFIRMED.